WATKINS, Judge.
This is an expropriation suit brought by the State of Louisiana, through the Department of Transportation and Development (DOTD), to obtain 3,532.1 square feet of land in connection with State Project No. 258-02-21, Perkins Road (College Drive-Dawson Creek), on State Route La. 427. The sole issue is the amount of severance damages. The trial court awarded $26,500 as severance damages. The DOTD denies that severance damages are due, and appeals. We affirm.
Holt B. Harrison and Elmira Ann Harrison Parnell owned a shallow trapezoidal tract of land between Perkins Road and a railroad track in Baton Rouge, on which they had a paint store that had been built relatively recently. The DOTD sought to acquire a strip of land from the tract approximately 17 feet in depth for the purpose of widening Perkins Road at that location to a five-lane highway (the middle lane for left turns). The taking of the defendants’ land would reduce the number of parking spaces in the Harrison Paint Store parking lot from 23 to 19 and reduce the distance from the store front to the street right of way to approximately 7 or 8 feet.
The defendants’ expert appraiser, Oren Russell, testified that four factors were present, which the trial court adverted to in its written reasons for judgment, which would indicate severance damages should be awarded:
(1) The reduction in depth of the property would lessen its marketability, as the property was already shallow in depth.
(2) The building because of its closeness to the new right of way violated zoning ordinances and would have to be rebuilt at an unrealistically shallow depth should the existing building be destroyed.
(3) There was a loss of parking spaces and even though zoning ordinances were not violated in this regard, still the lot’s marketability was reduced.
(4) The proximity of the building to the widened Perkins Road increased the noise level.
The DOTD’s two expert appraisers, Dan Carlock and George Platt, testified that noise was not a factor calling for the award of severance damages in the case of this type of commercial property. Further, the DOTD’s two expert appraisers testified that because the property in question enjoyed its highest and best use as commercial retail property, the increased flow of traffic along Perkins Road as a result of its widening caused the property to increase in value from the date of taking until the date of trial.
The trial court was forced to evaluate the conflicting testimony of the DOTD’s two experts and defendants’ expert. It preferred the reasoning employed by the defendants' expert over that of the DOTD’s experts, and rendered judgment awarding $26,500 in severance damages to defendants as we have stated.
The following principles apply to the proper evaluation of severance damages:
In an expropriation proceeding the trial court is not required to accept or reject the testimony of any particular witness, but may give whatever weight he considers appropriate to the testimony of any and all witnesses in making his factual determinations of the value of the property taken. He may reach a conclusion which does not coincide with the testimony of any witness. State, Department of Highways v. Salassi, 244 So.2d 871 (La.App. 1st Cir.1971).
The fixing of value of the property by the trial court will not be disturbed unless manifestly erroneous. See State, Department of Highways v. Romano, 316 So.2d 129 (La.App. 1st Cir.1975).
State, Through Department of Highways v. Romano, 343 So.2d 222, 226 (La.App. 1st Cir.1977).
The trial court elected to follow the reasoning and conclusions of the defendants’ expert appraiser. We cannot say that the determination of value followed by the trial court was manifestly erroneous, applying the reasoning of Romano, supra, and accordingly, affirm the award of severance damages made by the trial court.
*351 The judgment of the trial court is affirmed, costs in the sum of $3,092.65 to be paid by the DOTD.
AFFIRMED.